UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 25, 2017

LETTER TO COUNSEL

    RE:    *Valerie Yeager v. Commissioner, Social Security Administration*;
              Civil No. SAG-16-4027

Dear Counsel:

On December 19, 2016, Plaintiff Valerie Yeager petitioned this Court to review the Social Security Administration's final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. [ECF No. 1]. I have considered the parties' cross-motions for summary judgment. [ECF Nos. 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Yeager filed her claims on December 19, 2012, alleging a disability onset date of December 19, 2011. (Tr. 149-59). Her claims were denied initially and on reconsideration. (Tr. 84-91, 92-95). A hearing was held on July 8, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 28-41). Following the hearing, the ALJ determined that Ms. Yeager was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-23). The Appeals Council denied Ms. Yeager's request for review, (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Yeager suffered from the severe impairments of "bipolar disorder, adjustment disorder, anxiety disorder, depressive disorder, and post-traumatic stress disorder." (Tr. 17). Despite these impairments, the ALJ determined that Ms. Yeager retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the work is unskilled. The claimant requires a sit-stand option, alternatively, provided the claimant is not off-task more than 10% of the work period. Communication requirements of hearing and understanding simple written or oral instructions. Ability to interact with supervisors, coworkers, and the general public frequently. Ability to perform work that does not require satisfaction of production pace. Sustained concentration and persistence of pace is slight.

> Ability to understand, remember, and carry out instructions, which are for simple and routine tasks.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Yeager could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 22-23).

Ms. Yeager raises two primary arguments on appeal: (1) that the ALJ's RFC is vague and runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly develop the administrative record. Pl. Mot. 3-15. I concur with portions of both arguments, as addressed below, and therefore remand the case. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Yeager is not entitled to benefits is correct.

First, the ALJ's RFC assessment cryptically states, "Sustained concentration and persistence of pace is slight." (Tr. 19). That statement does not allow the reader to ascertain whether the ALJ meant that Ms. Yeager has only a slight ability to sustain concentration and persist at a given pace, or whether the ALJ intended to indicate that Ms. Yeager had only a slight limitation in those areas. The remainder of the opinion does not shed much light on the situation, since it simply states that the ALJ limited Ms. Yeager to "reduced concentration and persistence." (Tr. 22). While the ALJ included a limitation prohibiting Ms. Yeager from performing work at a production pace, which is generally sufficient to address a moderate limitation in concentration, persistence, or pace, the additional inclusion of the "slight" language renders this opinion unclear and does not permit effective appellate review. On remand, the ALJ should clarify the meaning of the RFC assessment to permit me to understand whether the restrictions in the RFC assessment adequately address Ms. Yeager's functional limitations.

Second, Ms. Yeager also argues that the ALJ did not provide her with a full and fair hearing. Pl. Mot. 10-15; *see* 20 C.F.R. § 416.1441. Specifically, Ms. Yeager, who was unrepresented at the administrative level, contends that the ALJ (1) conducted an extremely brief hearing; (2) failed to ensure that all of her medical records were obtained; and (3) did not order a consultative examination. Pl. Mot. 10-15. "[I]n *pro se* cases, ALJs have 'a duty to assume a more active role in helping claimants develop the record.'" *Craig*, 76 F.3d at 591 (quoting *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980)). However, "the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Crussiah v. Colvin*, No. CIV. TMD 12-2307, 2014 WL 3778615, at *12 (D. Md. July 29, 2014), *aff'd*, 589 F. App'x 76 (4th Cir. 2014) (internal citation and quotation marks omitted). Indeed, "[w]here the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, while I make no assessment of whether the overall length of the hearing was appropriate, I find that the ALJ failed to develop a reasonably complete record regarding Ms. Yeager's medical issues. Ms. Yeager testified at her hearing in 2015 that she was "currently in

therapy at the health department in Charles County, and my therapist and my psych doctor said that I shouldn't be working right now, because of my anxiety and depression." (Tr. 33). The ALJ did not ask for the identities of those doctors. Ms. Yeager again confirmed, later in her testimony, that she was receiving both therapy and medication for depression, anxiety, bipolar, and PTSD. (Tr. 34-35). The ALJ asked if the medicine and therapy "help," *id.*, but did not ask any more specific questions about the treatment or the residual symptoms. Moreover, at the conclusion of the hearing, the ALJ asked Ms. Yeager if she knew "of any outstanding documents, which should be submitted for my consideration in this case?" (Tr. 40). Ms. Yeager responded that she did not know. *Id.*

In light of Ms. Yeager's unrepresented status, the fact that the medical records in the file ended almost two years prior to the hearing date, and Ms. Yeager's testimony at the hearing that she was undergoing regular treatment in 2015, the ALJ did not assume an appropriately active role in helping Ms. Yeager develop a reasonably complete record. Accordingly, remand is warranted to allow all of the relevant medical records to be considered.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, (ECF No. 15), is DENIED, and Defendant's Motion for Summary Judgment, (ECF No. 16), is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
  h United States Magistrate Judge